IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| WILLIAM R. TAITT and DIANE TAITT, | : | BANKRUPTCY NO.: 5-09-bk-09968-JJT |
| DEBTORS | : | |
| WILLIAM R. TAITT and DIANE TAITT, | : | |
| MOVANTS | : | |
| vs. | : | {**Nature of Proceeding**: Motion to Avoid Nonpossessory Nonpurchase Money Judgment Lien, (Doc. #40)} |
| FILOMENA WHITE REALTY, INC., | : | |
| RESPONDENT | : | |

# OPINION

The Chapter 7 Debtors, William and Diane Taitt, have filed a Motion to Avoid Judicial Lien seeking to strike a judgment against them filed by Filomena White Realty, Inc.

The underlying facts are not in dispute, as stipulated on the court record. The Debtors are owners of real estate at 117 Bridle Road, Stroudsburg, Monroe County, Pennsylvania. The property is subject to a first and second mortgage in favor of ESSA Bank & Trust (ESSA). The value of the real estate is said to be $380,000 and the first two mortgages total $328,000. The Filomena White Realty judgment, in the amount of $123,643.10, is a third lien and is followed by a fourth lien in the form of a mortgage in favor of Helen Diecidue[1] in the amount of $115,000. While the Diecidue mortgage predates the Filomena White Realty judgment, Diecidue executed a subordination agreement resulting in her mortgage being primed by the judgment.

The Debtors have claimed a $40,000 exemption in their real estate as set forth on Schedule C of their petition.

---

[1] The lien holder's brief refers to Helen Diecidue as the mother of the female debtor. This bare allegation was made without suggestion that it was an improper filing, and it is mentioned only in the interest of full disclosure.

The principle argument of Filomena White Realty is that the subordination agreement somehow elevates the status of the judgment into something closer to a mortgage lien. This was substantially the same argument made in *In re Ashe*, 669 F.2d 105, 109 (3rd Cir.1982), *vacated & remanded sub nom. Commonwealth Nat'l Bank v. Ashe*, 459 U.S. 1082, 103 S.Ct. 563, 74 L.Ed.2d 927 (1982), *reinstated*, 712 F.2d 864 (3rd Cir.1983). "Literally, both a filed cognovit note and a consent judgment fit within the definition of 'judicial lien' in 11 U.S.C. § 101(27)." *In re Ashe,* 669 F.2d 105, 109 (3rd Cir.1982). Although the *Ashe* case was remanded by the Supreme Court, the Circuit Court of Appeals reaffirmed this proposition. *In re Ashe,* 712 F.2d 864, 868 (3rd Cir.1983) ("[W]e are convinced that the analysis of that question in our *[earlier] Ashe* opinion is sound. The Supreme Court's remand of that case cannot be understood to have cast it in doubt, . . . .").

Moving to the issue of the impact of the existence of a mortgage, subsequent in priority to the judgment, on the avoidability of the judgment, we need only look at 11 U.S.C. § 522(f)(2)(A), which reads:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of--
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C.A. § 522(f)(2)(A)

Inserting the applicable numbers to the formula above, we have what follows:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of--
> (i) the lien ($123,143.10);
> (ii) all other liens on the property($328,000 + $115,000); and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property ($40,400);

exceeds the value that the debtor's interest in the property would have in the absence of any liens ($380,000).

The sum total of (i), (ii), and (iii) is $606,543.10 and exceeds the value of the property of $380,000 by $226,543.10. This figure is well above the face amount of the judicial lien resulting in that lien being avoidable *en toto*. While it is true enough that this process merely elevates the status of the third mortgage lien to the detriment of the judgment holder, the result appears to be a conscious decision by Congress. *In re Smith,* 315 B.R. 636, 641 (Bkrtcy.D.Mass., 2004) ("[Congress] gave no special protection to judicial liens that are senior to unavoidable mortgages.").

Ironically, had this case come before me prior to the 1994 amendment currently reflected in § 522(f)(2)(A), the disposition would have been diametrically opposite by virtue of the Third Circuit decision of *In re Simonson*, 758 F.2d 103 (3rd Cir.1985). Unfortunately for the judgment holder, Congress indicated a clear intention to overrule the holding of *Simonson*.[2]

For these reasons, the Motion of the Debtors is granted. My Order will follow.

By the Court,

_____
John J. Thomas, Bankruptcy Judge
(CMS)

Date: July 18, 2011

---

[2] "The amendment also overrules *In re Simonson*, 758 F2d 103 (3d Cir. 1985), in which the Third Circuit Court of Appeals held that a judicial lien could not be avoided in a case in which it was senior to a nonavoidable mortgage and the mortgages on the property exceeded the value of the property. The position of the dissent in that case is adopted." H.R. REP. NO. 103-835, Arnold & Porter LLP Legislative History: P.L. 103-394, October 4, 1994 [BANKR94-LH 3]

[K:\Cathy\Opinions-Orders filed 2011\5-09-bk-09968-JJT_Taitt.pdf]   3

Case 5:09-bk-09968-JJT   Doc 65   Filed 07/18/11   Entered 07/18/11 12:04:25   Desc
Main Document    Page 3 of 3